UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Flavio Milam | § | |
| *Plaintiff* | § | |
| | § | CASE NUMBER |
| v. | § | |
| | § | 1:23 CV 00074 LY |
| National Credit Audit Corporation | § | |
| *Defendant* | | **DEMAND FOR JURY TRIAL** |

FILED
23 JAN 24 PM 2:05
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

# COMPLAINT

This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant National Credit Audit Corporation ("NCAC" hereinafter), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA" hereinafter), the Texas Debt Collection Act, Tex. Finance Code §392.001, *et seq* ("TDCA" hereinafter) and the Texas Deceptive Trade practices Act Chapter E, Chapter 17, Business & Commerce Code ("DTPA" hereinafter).

## JURISDITCTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C 1331.
2. Venue is proper in the because the acts and transactions occurred in this district.
3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).
4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).
5. district pursuant to 28 U.S.C. § 1391(b)(2).

## STANDING

6. Plaintiff has suffered injury in fact is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7. Plaintiff further suffered concrete injury as a result of Defendant's conduct, giving rise to standing before this court. *Spokeo, inc. v. Robins,* 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 580 (1992) (Congress has power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v Dwivedi,* 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

8. Plaintiff is secured party of FLAVIO MILAM
9. Upon information and belief NCAC may be served by servicing its registered agent at:

    Corporation Service Co.
    211 E. 7th STREET, SUITE 620
    AUSTIN, TX 78701

## FACTUAL ALLEGATIONS

10. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.
11. Plaintiff is a "consumer" as that term is defined by § 392.001(1) of the TDCA
12. Plaintiff incurred an alleged debt for goods and services for personal, family or household purposes. ("alleged debt").
13. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.
14. The Alleged debt is a "consumer debt" as that term is defined by § 392.001(2)
15. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it subsequently went into default.
16. The alleged debt was subsequently sold or assigned to NCA, a debt buyer and debt collector.
17. NCAC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

18. NCAC is a "third-Party debt collector" as that term is defined §392.001(7)
19. NCAC regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.
20. On or about October 2, 2022, NCAC sent a collection letter to Waterbridge Dr. Cypress, TX in Harris County whereby the Plaintiff has never lived.
21. At all Relevant Times Plaintiff Lived in Travis County.
22. The Letter was a "communication" as that term is defined in 15 U.S.C. §1692a(2).
23. The Letter was a form of "debt collection" as that term is defined by §392.001(5).
24. On December 29, 2022 Plaintiff sent a dispute letter to NCAC via USPS 1st class certified mail. Tracking number 7022 0410 0002 9185 0494. The letter was received.
25. On or about January 19, 2023, NCAC communicated information regarding the debt to Equifax and Transunion credit bureaus but did not communicate that the debt was disputed.
26. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").
27. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

### COUNT I. VIOLATION OF THE FDCPA § 1692e(8)

28. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.
29. NCAC violated the FDCPA when it communicated information regarding the alleged debt but did not also communicate that the debt was disputed.
30. **15 U.S.C. §1692e of the FDCPA provides as follows:**

    **False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **... (8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed. ...**

## COUNT II. TEXAS DEBT COLLECTION ACT

31. Plaintiff re-alleges the previous paragraphs as if set forth fully in this count.
32. Defendant failed to communicate the fact of Plaintiff's dispute to TransUnion and Equifax consumer reporting agencies when communicating the information regarding the alleged debt, in violation of Texas Fin. Code sec. 392.304(a)(8) and (a)(19).

## REQUEST FOR RELIEF

Plaintiff requests that this court award him:

a. Actual Damages

b. Statutory Damages pursuant to 15 U.S.C. §1692(a)(2).

c. Punitive Damages and;

d. Costs pursuant to 15 U.S.C. §1692(a)(3); and Texas Fin. Code section 392.403(b)

## JURY DEMAND

Plaintiff demands trial by Jury.

*/s/Flavio Milam*
*Plaintiff Pro se*
P.O. Box 2243
Leander, TX 78646